IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:21-cv-00087-M

ROSIE HOPKINS, )
)
    Plaintiff, )
)
v. ) ORDER
)
STATE OF NORTH CAROLINA, *et al.*, )
)
    Defendants. )

---

This matter comes before the court on the Memorandum & Recommendation (M&R) issued by Magistrate Judge Robert T. Numbers, II on August 23, 2021. Judge Numbers recommends that this court dismiss the Complaint in this matter pursuant to 28 U.S.C. § 1915(e) and the Supreme Court's opinion in *Heck v. Humphrey*. Plaintiff, proceeding pro se and *in forma pauperis* ("IFP") timely filed an objection to the M&R, arguing that her claims are sufficiently stated and that, if the court finds they are not, she be permitted to file an amended pleading.

The operative pleading in this case is 105 pages long, names more than twenty defendants, and alleges at least eight federal claims and numerous state law claims. Plaintiff asserts these claims, stemming from her January 2019 "assault" on a "client" while she worked as a "Habilitation Technician" at Pathways for People, Inc. ("PFP"), an organization providing home and community services to people with intellectual and developmental disabilities. The pleading is prolix, argumentative, largely redundant, and incoherent in some respects. Construing the pleading liberally, the court finds Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and violations of her First, Third, Fourth, Sixth, and Fourteenth

Amendment rights pursuant to 42 U.S.C. § 1983, as well as several state law claims. Pursuant to 28 U.S.C. § 1915(e)(2), the court will determine whether the pleading is frivolous or fails to state a claim for relief.

First, as individuals are not "employers" under Title VII, the court finds that any claim Plaintiff alleges under Title VII against an individual is barred. *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 307–08 (4th Cir. 2016) ("interpreting similar language in Title VII, we held that individuals are not subject to liability under that statute") (citing *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998)).

Second, for her Title VII claims against her employer, PFP, Plaintiff alleges retaliation and discrimination on the bases of race, color, sex, religion, age, and disability.[1] The court finds Plaintiff's allegations fail to support any claim that PFP suspended, terminated, and/or otherwise discriminated against Plaintiff because of her religion, age, or disability and, thus, her Title VII claims based on religion and any claims construed as violations of the Age Discrimination in Employment Act ("ADEA") or Americans with Disabilities Act ("ADA") are dismissed.

Third, Plaintiff seeks recovery under Section 1983 for violations of her constitutional rights; however, she may only do so against defendants "acting under color of state law." *Martin v. Duffy*, 977 F.3d 294, 298-99 (4th Cir. 2020) ("To recover damages under 42 U.S.C. § 1983, a plaintiff must show (1) 'the conduct complained of was committed by a person acting under color of state law …'") (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). Plaintiff's allegations fail to demonstrate that Karen and Zakary Beaty, PFP, the Apex Club House, and Accident Fund of America, or any of the entities' employees, acted under color of state law when

---

[1] This list changes in different portions of the pleading; however, construing her claims liberally, the court recognizes the bases listed on the attached charge of discrimination filed March 22, 2021.

2

they engaged in conduct that allegedly injured the Plaintiff. Therefore, any Section 1983 claims raised against these Defendants are dismissed.

Fourth, Plaintiff sues Wake County Judges Michael Denning and Keith Gregory and Assistant District Attorneys Becker, Braxton, and Ashton-Slagle for actions they took during criminal proceedings against her. "State judges, magistrates, and prosecutors are entitled to absolute immunity from § 1983 damages claims, and [Plaintiff has] failed to allege that any of these defendants acted outside the scope of their judicial or prosecutorial duties." *Mateen-El v. Bell*, 747 F. App'x 169, 170 (4th Cir. 2019) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 424-29 (1976); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Safar v. Tingle*, 859 F.3d 241, 248 (4th Cir. 2017)). Plaintiff's claims against these Defendants are dismissed.

Fifth, a governmental entity may only be sued if the law of the state in which the court is located permits it. Fed. R. Civ. P. 17(b)(3). Police departments are not permitted to be sued in North Carolina; therefore, Plaintiff's claims against the "Apex Police Department" are dismissed. *See Smith v. Munday*, 848 F.3d 248, 256-57 (4th Cir. 2017) ("Under North Carolina law, police departments cannot be sued as entities.").

Finally, Plaintiff alleges that she has been convicted of assault against her former client. Based on this allegation, Judge Numbers recommends that this court dismiss Plaintiff's Section 1983 claims. The Supreme Court has held that

> to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that *the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254.

3

*Heck v. Humphrey*, 512 U.S. 477, 485 (1994) (emphasis added). "Through what has become known as the 'favorable termination requirement,' the Court ensured that § 1983 litigation would not result in inconsistent judgments or retrials of old state convictions through pathways other than those delineated by Congress." *Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 695 (4th Cir. 2015) (citing *Nelson v. Campbell*, 541 U.S. 637, 646–47 (2004)).

Notably, not all claims related to a criminal conviction are barred. "*Heck* itself makes clear, however, that § 1983 actions that do not 'necessarily' imply the invalidity of a prior conviction 'should be allowed to proceed, in the absence of some other bar to the suit.'" *Id.* (citing *Heck*, 512 U.S. at 487). For example, "a claim for false arrest [like that alleged here against Officer Myers] does not by its nature call into question the validity of a conviction." *Dizzley v. Garrett*, 836 F. App'x 157, 158 (4th Cir. 2021) (quoting *Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007)). However, "§ 1983 claims predicated on alleged *Brady* violations [like that alleged here] would, if proven, necessarily imply the invalidity of [plaintiff's] conviction[ ]." *Griffin*, 804 F.3d at 695. Where allegations of such claims fail to demonstrate a conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus," the claim is barred by *Heck*. *Griffin*, 804 F.3d at 695–96 ("Under *Heck*, therefore, they may not be collaterally attacked through § 1983 now.").

In this case, the court finds certain claims are barred by *Heck*. Plaintiff alleges she was "convicted" of assault following a trial in state district court on June 19, 2020. *See* Compl. at 93-98. On September 20, 2021, after Judge Numbers issued his recommendation, Plaintiff filed a "notice of information," in which she complains that an Assistant District Attorney gave her only

4

one week's notice of her "jury trial" in superior court,[2] which was set for September 21, 2021. *See* DE 9. The court has received no information from any party since that time and has no knowledge of the outcome of the jury trial. Nevertheless, because Plaintiff has failed to allege that her conviction has been overturned or otherwise resolved in her favor, her Section 1983 claims alleging violations of *Brady v. Maryland*, 373 U.S. 83 (1963), unlawful conviction by fabricated evidence (whether testimony, recordings, or documents),[3] and any other constitutional or statutory claim that would imply the invalidity of her conviction, are dismissed.[4]

Accordingly, as set forth herein and pursuant to 28 U.S.C. § 1915(e)(2), the court finds Plaintiff fails to state Title VII claims against any individual Defendant; fails to state Title VII discrimination claims based on religion; fails to state claims for violation of the ADA or ADEA; fails to state a violation of the Third Amendment to the U.S. Constitution[5]; fails to state Section 1983 claims against Karen Beaty, Zakary Beaty, PFP, the Apex Club House, and Accident Fund

---

[2] In North Carolina, a criminal defendant convicted of a crime in district court may "appeal" the conviction to the superior court by invoking his or her right to a de novo jury trial. *See State v. Sparrow*, 276 N.C. 499, 507, 173 S.E.2d 897, 902 (1970).

[3] *See McDonough v. Smith*, 139 S. Ct. 2149, 2156, 204 L. Ed. 2d 506 (2019) (plaintiff may "not bring a fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution.").

[4] Plaintiff references the claim "malicious prosecution" several times in her Complaint. The Fourth Circuit instructs that "there is no such thing as a '§ 1983 malicious prosecution' claim"; rather, constitutional claims may incorporate elements of common law tort claims. *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000). This court notes that the common law tort of malicious prosecution, like Section 1983 claims based on criminal convictions, includes a requirement that a plaintiff show the prosecution terminated in his or her favor. *Id.*; *see also Fox v. City of Greensboro*, 2021-NCCOA-489, ¶ 47, 866 S.E.2d 270, 283. In addition, to the extent Plaintiff alleges "false arrest/imprisonment"-type claims under Section 1983, such claims are "disallowed" pursuant to the Supreme Court's opinions in *Heck* and *Wallace v. Kato*, 549 U.S. 384, 389 (2007). *See Glass v. Anne Arundel Cty.*, No. CIV. WDQ-12-1901, 2015 WL 4619631, at *2–3 (D. Md. July 30, 2015) ("a false imprisonment ends once the victim becomes held pursuant to [legal] process" and "[o]nce legal process issues, 'any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.'").

[5] The Third Amendment to the United States (U.S.) Constitution provides "[n]o Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law." U.S. Const. amend. III.

5

of America; fails to state Section 1983 claims against Judges Denning and Gregory and ADAs Erin Becker, Austin Braxton, and Ashton-Slagle; and, fails to state a claim against Apex Police Department. The judges, ADAs, and Apex Police Department are dismissed as Defendants from this case. These findings are based solely on this court's preliminary review of the operative Complaint and do not prevent any remaining Defendants from seeking relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This action will proceed on the Plaintiff's Title VII claims for alleged retaliation and discrimination based on race, color, and/or sex against PFP; Section 1983 claims against "State of North Carolina DHHS,"[6] "State of North Carolina Industrial Commission,"[7] and Officers McKinney and Myers for alleged violations of Plaintiff's First, Fourth, Sixth, and Fourteenth Amendment rights, as applicable, except those implying the invalidity of Plaintiff's conviction; and various state claims that may be reasonably construed against the proper Defendant(s).[8]

---

[6] The court recognizes the application of sovereign immunity under the Eleventh Amendment for state entities sued under Section 1983; however, it is unclear from the face of the Complaint whether these entities are actual agencies or divisions of the State of North Carolina. *See Wei-ping Zeng v. Marshall Univ.*, 370 F. Supp. 3d 682, 690 (S.D.W. Va. 2019) ("Sovereign immunity under the Eleventh Amendment protects the State, as well as its agencies, divisions, departments, and officials.") (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 78 (1989)).

[7] The Plaintiff also notes the possibility of a "resolution" with the Industrial Commission (Compl. at 19); to the extent she has resolved her claims with this defendant, she shall refrain from naming the commission in her amended pleading.

[8] The court acknowledges the "immunities" provided certain governmental entities and officials in North Carolina but finds the allegations insufficient at this stage to determine with certainty whether they apply. *Union Cty. v. Town of Marshville*, 255 N.C. App. 441, 445, 804 S.E.2d 801, 804–05 (2017) "[u]nder the doctrine of governmental immunity, a county or municipal corporation is immune from suit for the [torts committed by] its employees in the exercise of governmental functions absent waiver of immunity." (quoting *Estate of Williams v. Pasquotank Cnty. Parks & Recreation Dep't*, 366 N.C. 195, 198, 732 S.E.2d 137, 140 (2012)); *McCullers v. Lewis*, 265 N.C. App. 216, 221, 828 S.E.2d 524, 531 (2019) ("Public official immunity is 'derivative form of governmental immunity' that insulates a public official from personal liability for mere negligence in the performance of his duties unless his alleged actions were malicious or corrupt or fell outside and beyond the scope of his duties.") (quoting *Fullwood v. Barnes*, 250 N.C. App. 31, 38, 792 S.E.2d 545, 550 (2016)).

The court ORDERS the Plaintiff to file an Amended Complaint, specifically identifying each Defendant and describing each claim (using facts—preferably, in chronological order—as opposed to conclusions, argument, or evidence) she makes against that Defendant, consistent with this order and with Rule 8 of the Federal Rules of Civil Procedure ("a *short and plain statement* of the claim showing that the pleader is entitled to relief"). Each allegation must be "simple, concise, and direct." Rule 8(d)(1). Plaintiff's pro se status does not excuse her from complying with the basic requirements of Rule 8. The amended pleading shall be filed on or before April 30, 2022. If Plaintiff fails to comply with this order, the action may be dismissed for failure to prosecute.

The court further ADOPTS IN PART the Memorandum and Recommendation, issued August 23, 2021, as set forth herein. *See* DE 4. As Plaintiff has been granted IFP status (*see id.*), once the Amended Complaint is filed, the Clerk of the Court shall commence service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

SO ORDERED this 23d day of March, 2022.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE